The opinion of the court was delivered by
Egan, J.
The defendant, the purchaser of succession property at succession sale, was regularly put in default on refusing to comply with his bid and the terms of sale, whereupon this rule was taken to compel compliance. But two questions are presented for our consideration: First, the rightfulness of the recusation of the judge of the Second District Court of Orleans, from which the order of sale emanated, through a judge acl hoc called to the bench in consequence of the judge’s recusa *925 tion. Of this it may be remarked that the order of recusation having been entered, it can not be treated as an absolute nullity, and set up by the defendant in this collateral way. The principle “omnia prcesumimtur rite acta sunt” would come in aid of the title acquired by the defendant at the probate sale, and we can not see what right he who was no party „to. the succession proceedings or order can have to contest its validity. The recusation was, however, properly entered ; the father of the presiding judge was a creditor of the succession, and joined in the petition of the administrator for the sale. There is no force in the position that, although recused, the judge of the court should have signed the order of sale, instead of the judge act hoc. The books are full of cases to the contrary, and the practice has been universally otherwise in this State. Indeed, it often happened that while the system of interchange for the trial of recused cases prevailed the interchanging judges were holding court at the same time in different and distant parishes. The signature of the judge act hoc is the only proper one to be affixed to the orders granted by him. lie is pro hac vice as much the judge of the court as the regularly elected and presiding judge, and .his acts as such are entitled to as full recognition, and afford as full evidence of what is done. Any party in interest may appeal from the order of recusation, but unless it is done suspensively the order will be executed notwithstanding, and any rights acquired by third persons under it will be protected accordingly. The other objection to the validity of the sale is that the succession is insolvent, and that a sale of property could not be legally ordered without the convocation, first, of a meeting of creditors, that they might fix the terms of sale. Of this it may be remarked that the court which issued the order had jurisdiction, beyond question, and that it is too well settled to be now questioned that the purchaser was not required to look beyond that. Besides, the same presumption arises as to this just invoked as to the order of recusation. The fact that the sale was ordered one half for cash, and the remainder on twelve months credit, did not of itself vitiate the title. It is true that the law contemplates an offering first for cash, of succession property sold to pay debts, and then on twelve months credit, if it fails to bring its-appraised value, and that such is the usual and regular mode of sale. If the administrator departs from it, and injury is likely to accrue, or is apprehended by the creditors, they may stay his hands by injunction before sale, or may hold him responsible after, upon proof that loss has actually resulted. It by no means follows, however, that titles acquired fairly, in good faith, and in open market under such sale, are to be set aside for that reason only. In the present case the petition of the administrator was joined in by at least a dozen creditors, than whom there is no proof that there are any others. It represents that the sale *926 is necessary, and that it is to the interest of creditors that it should be made on the terms asked for, and is supported by the affidavit of the ■attorney that the property would sell for twenty-five per cent more on a •credit than for cash. There is no allegation or evidence that the property brought less than its appraised or real value, nor does any one appear to complain of the sale, except the purchaser, a third person as to all of these proceedings, except the sale itself, and this rule to enforce it. We think the defenses set up untenable. The interests of the creditors and of the succession seem to have been well guarded in the order of sale, and no one who has any interest or right to complain is before us for that purpose.
It is therefore ordered, adjudged, and decreed that the judgment .appealed from be and it is affirmed, with costs of appeal.